IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM RENEA COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:13cv472-MEF |
| | ) | (WO) |
| SHERIFF JOHN WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

On July 8, 2013, the plaintiff, William Renea Collins ("Collins"), filed this action pursuant to 42 U.S.C. § 1983, alleging that the defendants used excessive force against him when he was arrested.  Specifically, in his complaint, the plaintiff alleges that

> two sheriffs did commit assault and battery of body of the plaintiff William R. Collins twisting his neck giving neck pain now, spraying him in the fact (sic) with pepper spray, then using electric shockers, all that while plaintiff was handcuffed behind his back and sitting inside the back of the Sheriff's car.

(Doc. # 1 at 2).

Collins names as defendants Lowndes County Sheriff John Williams, Deputy Sheriff Ben Turner and Deputy Sheriff Damian Steele.  The court has jurisdiction of the plaintiff's claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331.

Now pending before the court is the defendants' motion to dismiss, or in the alternative, motion for more definite statement (doc. # 9) filed on August 5, 2013.  The court heard oral argument on the motion on August 20, 2013.  As stated in open court and after careful review, the court concludes that the motion to dismiss should be granted in part and denied in part.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and

emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 550 U.S. 662. A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*, 132 F.3d at 1369 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th

3

Cir.1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)).

## FACTS[1]

Construing Collins' complaint liberally in light of his *pro se* status, and relying on Collins' own description of the facts at oral argument, it appears that Collins is alleging that the deputy sheriffs subjected him to an unlawful seizure and used excessive force against him in violation of the Fourth and Fourteenth Amendments. He also alleges a Fourteenth Amendment claim of malicious prosecution. According to Collins, while attending a private party, deputy sheriffs arrested him inside the party, allegedly for being drunk and disorderly.[2] The officers handcuffed him, and then beat him while placing him in the police car. They twisted his neck, sprayed him with mace, and shocked him with tasers even though he was not resisting arrest, and was handcuffed.

Thereafter, the officers failed to appear in court and the charges were dismissed for want of prosecution.

## DISCUSSION

**A.     Sheriff John Williams and Deputies in their Official Capacities**.

To the extent Collins sues the defendants in their official capacities, the defendants are

---

[1] At this stage of the proceedings, for purposes of ruling on the motion to dismiss, the facts alleged in the complaint and reasonable inferences to be drawn there from are set forth in the light most favorable to the plaintiff. *See Krutzig v. Pulte Home Corp.*, 602 F.3d 1231, 1234 (11th Cir. 2010).

[2] Collins contends that the deputy sheriffs harassed him prior to the incident that forms the basis of this lawsuit.

state officers and entitled to Eleventh Amendment immunity.[3]  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  *See also*, *Quern v. Jordan*, 440 U.S. 332 (1979) (holding that § 1983 was not intended to abrogate a state's Eleventh Amendment immunity).

> A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, [59], 116 S. Ct. 1114, 1125, 134 L. Ed. 2d 252 (1996).  Alabama has not waived its Eleventh Amendment immunity, *see Carr v. Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities.

*Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

Under all facets of Alabama law, a county sheriff and his deputies are state officers.  *Turquitt v. Jefferson County*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates county sheriff as member of State's executive department).  "A sheriff is an executive officer of the State of Alabama,  who is immune from suit under Article I, § 14, Alabama Constitution of 1901, in the execution of the duties of his office."[4]  *Parker v. Amerson*,

---

[3]  Eleventh Amendment immunity does not foreclose suits for injunctive and/or declaratory relief; rather, if applicable, it forecloses suits for compensable damage awards.

[4]  There are five exceptions to this general rule, applicable in actions brought

> (1) to compel [the Sheriff] to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.

*Drain v. Odom*, 631 So. 2d 971, 972 (Ala. 1994); *Parker v. Amerson*, 519 So. 2d 442, 443 (Ala. 1987).  None of these exceptions apply in this case.

519 So. 442, 442-43 (Ala. 1987).  *See also Drain v. Odom*, 631 So. 2d 971, 972 (Ala. 1994).

"[U]nder Alabama law, a claim against an Alabama sheriff in his individual capacity is barred

by the doctrine of sovereign immunity." *McMillian v. Johnson*, 101 F.3d 1363, 1365 (11th Cir.

1996).  The plaintiff seeks relief against Sheriff John Williams who is immune from suit.

Therefore, the court concludes that Williams' motion to dismiss is due to be granted because

he is absolute immune from damages in his official capacity.

Defendants Turner and Steele, as deputy sheriffs for Lowndes County, are also immune

from a lawsuit for damages in their official capacities under the Eleventh Amendment.

*Lancaster*, 116 F.3d at 1429; *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir.

1994); *Carr v. City of Florence*, 916 F.2d 1521 (11th Cir. 1990).  Clearly, Turner and Steele

were  acting within their official capacities when they seized and arrested Collins.  Therefore,

the court concludes that the defendants' motion to dismiss any claims for monetary relief against

them in their official capacities is due to be granted because they are absolute immune from

damages in their official capacity.  *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

**B.     Claims against Deputy Sheriff Turner and Deputy Sheriff Steele in their Individual Capacities**.

At oral argument on the motion to dismiss, Collins elaborated sufficiently on his claims

to provide the defendants with the bases of his claims.  It is clear that Collins is complaining

that he was subjected to an unreasonable seizure, and arrest by Deputies Turner and Steele in

violation of the Fourth Amendment.  He further asserts that the officers subjected him to

6

excessive force  in violation of the Fourth and Fourteenth Amendments, and as a result of the constitutional violations, he suffered mental anguish, physical pain, and emotional suffering. *See* Doc. # 1, Compl.

The Fourth Amendment guarantees that persons will be secure in their persons against unreasonable searches and seizures.  "The Fourth Amendment is implicated when a police officer either briefly detains a citizen for investigatory purposes or holds a citizen pursuant to an arrest. *United States v. Hastamorir,* 881 F.2d 1551, 1556 (11th Cir. 1989)."  *Bryan v. Spillman,* 217 Fed. Appx. 882, 884 (11th Cir. 2007) (No. 06-13970).  "Personal encounters between law enforcement officers and citizens are 'seizures' on occasions "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.""  *Courson v. McMillian*, 939 F.2d 1479, 1488 (11th Cir. 1991) *quoting Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).

Collins alleges that Turner and Steele seized and arrested him without probable cause. He further alleges that the deputy sheriffs beat him, twisted his neck, sprayed him with mace and used tasers on him while he was handcuffed and in the police car.  At this stage, the court cannot say that the plaintiff can prove no facts to support his claim that his Fourth Amendment rights were violated or that he did not suffer an injury as the result of the defendants' actions.

Moreover, at oral argument on the motion to dismiss, the defendants conceded that, at this stage of the proceedings, the plaintiff's Fourth Amendment claims against Turner and Steele as individuals are cognizable in this § 1983 action.  Thus, the court concludes that

7

plaintiff's Fourth Amendment claims against the deputies in their individual capacities should not be dismissed.

### C.    The Fourteenth Amendment Malicious Prosecution Claim

Collins also asserts a Fourteenth Amendment claim of malicious prosecution in which he contends the deputies did not have probable cause to prosecute him.  For the reasons already stated, that there are disputed issues of fact regarding the incident that forms the basis of Collins' claim, the court cannot conclude, at this juncture, that the plaintiff can prove no set of facts which would entitle him to relief on this claim.  Accordingly, the defendants' motion to dismiss the plaintiff's Fourteenth Amendment claim against the deputies in their individual capacities is also due to be denied.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1)    That the defendants' motion to dismiss the claims against defendant John Williams and against defendants Turner and Steele in their official capacities be GRANTED.

(2)    That, with respect to the plaintiff's remaining claims against defendants Turner and Steele in their individual capacities, the motion to dismiss be DENIED.

It is further

ORDERED as follows:

(1)    That on or before **September 9, 2013**, defendants Turner and Steele file an answer or other responsive pleading;

8

(2)     That the defendants' motion for a more definite statement be and is hereby DENIED as moot; and

(3)     That on or before **September 3, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of August, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

9